IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTINE MORRISON,** | : | **CIVIL ACTION** |
| Plaintiff | : | |
| | : | |
| vs. | : | NO. 14-4685 |
| | : | |
| **ACCESS SERVICES, INC.,** | : | |
| Defendant | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                                                              **October 15, 2014**

      This is an employment discrimination action brought by Christine Morrison against Access Services, Inc., her former employer.  She alleges discrimination based on age and religion, and retaliation based on her complaints of age discrimination and on using leave under the Family Medical Leave Act.  The defendant has filed a motion to dismiss the claims of discrimination based on age and religion in Counts I and II respectively.  For the reasons that follow, I will grant the motion in its entirety.

**I.  BACKGROUND**[1]

      The bare bones complaint alleges that Ms. Morrison was hired by the defendant in October 2010 as a program specialist.  See Compl. ¶ 7.  When the complaint was filed, Ms. Morrison was forty-three years old.  Id. at ¶ 9.  During her employment, Ms. Morrison allegedly had "an excellent work performance and success record."  Id. at ¶ 8.  On December 4, 2012, Ms. Morrison went out on an FMLA leave.  Id. at ¶ 30.  While

---

[1] The facts are gleaned from the complaint and the extrinsic documents upon which it is based. See GSC Partners, CDO Fund v. Washington, 368 F.3d 228, 236 (3d Cir. 2004).  For the purposes of this motion, they are presented in the light most favorable to the plaintiff, as the non-moving party, and are accepted as true with all reasonable inferences drawn in her favor.

still on leave, she filed a Charge of Discrimination based on age with the Equal Employment Opportunity Commission, and served it upon the defendant on December 15, 2012.  Id. at ¶ 31.  Ms. Morrison returned to work on January 7, 2013.[2]  Id. at 32.  On January 13, 2013, the defendant allegedly terminated Ms. Morrison "based upon her complaints about age discrimination in employment decision."  Id. at ¶ 10.  The complaint alleges that the termination was in retaliation for filing the Charge of Discrimination.  Id. at ¶ 33.  The defendant replaced Ms. Morrison "with an employee who would not protect older employees from age discrimination as Plaintiff previously did."  Id. at ¶ 12.  The complaint characterizes the defendant's conduct as "unreasonable, irrational, arbitrary, capricious, and based upon no other reason other than the plaintiff's protecting employees from age discrimination and objecting to her supervisors about age discrimination."  Id. at ¶ 13.

      The complaint also alleges that Ms. Morrison "was disciplined for not complying with starting monthly staff meetings with a prescribed prayer."  See Compl. ¶ 20.  Ms. Morrison contends that the defendant terminated her "due to her independent religious beliefs, and for not believing in the "true God.""  Id. at ¶ 21.  She alleges that the "defendant intentionally, knowingly, and purposefully violated Title VII by invidiously discriminating against qualified Plaintiff based upon her religion, or more particularly, to follow the religious beliefs of management, resulting in her termination."  Id. at ¶ 22.

---

[2] The actual date Ms. Morrison returned to work is unclear.  Paragraph 32 of the complaint indicates that she returned to work on January 7, 2013.  Paragraph 38 of the complaint, however, indicates that she returned to work on January 11, 2013.

## II.  STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted examines the sufficiency of the complaint.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Following the Supreme Court decisions in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009), pleadings standards in federal actions have shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss under Fed. R. Civ. P.12(b)(6).  Fowler v. UPMC Shadyside, 578 F.3d 203, 210-211 (3d Cir. 2009); see also Phillips v. County of Allegheny, 515 F. 3d 224, 230 (3d Cir. 2008).

Therefore, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis.  First, the factual and legal elements of a claim should be separated.  The court must accept all of the complaint's well-pleaded facts as true but may disregard legal conclusions.  Iqbal, 556 U.S. at 679.  Second, a district court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief."  Id.  In other words, a complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to "show" such an entitlement with its facts.  Id.; see also Phillips, 515 F.3d at 234-235.  "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'"  Iqbal, 556 U.S. at 679.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short

and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in Twombly, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id. at 557.

## III. DISCUSSION

### A. Count I – Age Discrimination under the ADEA

Under the ADEA, "[i]t shall be unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a). The Supreme Court of the United States held that "the ordinary meaning of the ADEA's requirement that an employer took adverse action 'because of' age is that age was the 'reason' that the employer decided to act." Gross v. FBL Financial Servs., 557 U.S. 167 (2009). In Smith v. City of Allentown, 589 F.3d 684, 691 (3d Cir. 2009), the Court of Appeals for the Third Circuit held that the McDonnell Douglas[3] burden-shifting framework is still applicable notwithstanding the Supreme Court's decision in Gross. It noted that "[w]hile we recognize that Gross

---

[3] McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

expressed significant doubt about any burden-shifting under the ADEA, we conclude that the but-for causation standard required by Gross does not conflict with our continued application of the McDonnell Douglas paradigm in age discrimination cases." Id. at 691. Therefore, it is appropriate to apply the McDonnell Douglas framework in analyzing Ms. Morrison's age discrimination claim.

Under McDonnell Douglas, a plaintiff must first make out a *prima facie* case of age discrimination. "After establishing a *prima facie* case, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for its adverse employment action." Conoshenti v. Public Serv. Elec. & Gas Co., 364 F.3d 135, 146 (3d Cir.2004). "If the employer does so, the burden of production returns to the plaintiff to demonstrate that the employer's proffered rationale was a pretext for age discrimination." Starceski v. Westinghouse Elec. Corp., 54 F.3d 1089, 1095 n. 4 (3d Cir. 1995).

Here, in arguing for the dismissal of Count I, the defendant contends that Ms. Morrison's claim under the ADEA must fail because she has not established a *prima facie* case of age discrimination. To establish such a *prima facie* case under the ADEA, a plaintiff must satisfy four elements: (1) she is at least forty years of age; (2) she is qualified for the position in question; (3) she suffered an adverse employment action; and (4) she was replaced by a sufficiently younger employee to permit a reasonable inference of age discrimination. See Sempier v. Johnson & Higgins, 45 F.3d 724, 728 (3d Cir. 1995).

I agree with the defendant that Ms. Morrison cannot establish a *prima facie* case of age discrimination based on the facts alleged in the complaint. While Ms. Morrison is

5

over forty years of age, and for purposes of this motion, we can assume that she was qualified for her job with the defendant, she does not identify any discriminatory conduct to which she was allegedly subjected because of *her* age.  Furthermore, she does not reveal the age of her replacement to satisfy the requirement that she be replaced by a sufficiently younger employee to permit a reasonable inference of age discrimination.  Instead, the complaint indicates that Ms. Morrison was terminated based upon her "advocating a non-discriminatory policy for older workers," and her replacement was "an employee who would not protect older employees from age discrimination as [she] previously did."  There is no allegation that Ms. Morrison suffered an adverse employment action because of her age.  In fact, there is no allegation in the complaint which could plausibly give rise to an inference that Ms. Morrison was discriminated against because of her age.  Even in her response to the motion to dismiss, Ms. Morrison concedes that she had complained about age discrimination against "other employees," and she was fired for "her protesting of anti-age discrimination."

     Ms. Morrison insists that the alleged facts support a cause of action for retaliatory termination by noting that she was fired for complaining about other employees' rights to be free of age discrimination.  I agree.  Complaining of age discrimination satisfies the first element of a *prima facie* case of retaliation, i.e., engaging in protected activity.  See 29 U.S.C. § 623(d); see also Fasold v. Justice, 409 F.3d 178, 188 (3d Cir. 2005).  Nevertheless, Count I is not a cause of action for retaliatory termination, but for discriminatory termination based on age.  In Count IV, Ms. Morrison brings a retaliation

claim under the ADEA, which is not being challenged in the defendant's motion to dismiss.

Because Ms. Morrison has not alleged facts sufficient to establish that she was subjected to discrimination based on her own age and that younger employees were treated more favorably than she, I will grant the motion to dismiss Count I.

### B. Count II – Discrimination Based on Religion under Title VII

Under Title VII of the Civil Rights Act of 1964,

> it shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, *religion*, sex or national origin...

See 42 U.S.C. §2000e-2(a)(1) (emphasis added). Title VII also prohibits employers from retaliating against employees for complaining of discrimination based on race, color, religion, sex, or national origin. See 42 U.S.C. § 2000e-3(a). To establish a claim for religion-based employment discrimination, the Third Circuit has recognized two theories on which employees may rely: "disparate treatment" or "failure to accommodate." Abramson v. William Paterson College of N.J., 260 F.3d 265, 281 (3d Cir. 2001).

Because it is far from clear under which theory Ms. Morrison brings this claim, I will address both. Under the "disparate treatment" theory, "the *prima facie* case and evidentiary burdens of an employee . . . mirror those of an employee alleging race or sex discrimination." Id. For a *prima facie* case, a plaintiff must establish that: (1) she is a member of a protected class; (2) she suffered an adverse action; and (3) non-members of

the protected class were treated more favorably. <u>Abramson v. William Paterson College of New Jersey</u>, 260 F.3d 265, 281 (3d Cir. 2001). In addition, demonstrating a *prima facie* case of religious discrimination requires evidence that the employer had knowledge of the plaintiff's religion. Since an "employee's religion . . . is often unknown to the employer," the Third Circuit has required "that employees [have] informed their employers of their religious beliefs prior to the alleged discriminatory action" in order to make out a *prima facie* case for discharge on account of religion. <u>Geraci v. Moody-Tottrup, Intern., Inc.</u>, 82 F.3d 578, 581 (3d Cir. 1996).

     Here, I am constrained again to find that Ms. Morrison has not established a *prima facie* case of employment discrimination based on religion under this theory. First, Ms. Morrison does not allege that she is a member of a protected class. Instead, she mentions that she was terminated "due to her independent religious beliefs, and for not believing in the "true God." One could glean from that statement that perhaps Ms. Morrison is, among other choices, an atheist which would certainly qualify as a protected class for Title VII purposes. It is the plaintiff's job at this stage of the proceedings, however, to show that she is a member of a protected class rather than relying on the ability of the complaint's reader to infer the establishment of a *prima facie* case based on the plaintiff's "naked assertions." See <u>Twombly</u>, 550 U.S. at 557. Further, there is no mention of whether Ms. Morrison had informed her employer of her "independent religious beliefs," prior to her termination. It can be inferred from the complaint that the employer was aware of her beliefs because it took issue with Ms. Morrison's refusal to begin staff

8

meetings with a prescribed prayer. Nevertheless, satisfaction of the first element for the *prima facie* case is far from certain.

Second, I must disagree with the defendant who argues that Ms. Morrison has also not satisfied the second element because she has not alleged a sufficient adverse employment action other than the vague assertion "Plaintiff was disciplined for not complying." See Compl. ¶ 20. While I agree that that allegation is, at best, imprecise, Ms. Morrison does allege in the next paragraph of the complaint that the defendant terminated her for her beliefs. Id. at ¶ 21. Thus, Ms. Morrison has satisfied the second prong of the *prima facie* case.

Finally, it is unequivocal that Ms. Morrison has not satisfied the third prong of the *prima facie* case. Not only does Ms. Morrison fail to establish that non-members of her protected class were treated more favorably, she has failed to mention any other employee with whom she could be compared. Accordingly, Ms. Morrison has not established a *prima facie* case that she was discriminated against based on religion under this theory.

Next, if Ms. Morrison had intended to pursue this claim based on the second theory, the claim would still fail. Title VII requires employers to make reasonable accommodations for their employees' religious beliefs and practices, unless doing so would result in "undue hardship" to the employer. See 42 U.S.C. 2000e(j). To plead successfully a claim of religion-based employment discrimination under the theory that an employer failed to accommodate a plaintiff's religious beliefs, that plaintiff must show that: (1) she holds a sincere religious belief that conflicted with a job requirement; (2) she

9

informed her employer of the conflict; and (3) she was disciplined for failing to comply with the conflicting requirement.  Shelton v. Univ. of Med. & Dentistry of N.J., et al., 223 F.3d 220, 224 (3d Cir. 2000).  The following four paragraphs of the complaint are germane to Ms. Morrison's claim of religion-based employment discrimination:

> 19.    Defendant is not a secular entity and is not supposed to be affiliated with a particular religious entity.
>
> 20.    At all times herein relevant, Plaintiff was disciplined for not complying with starting monthly staff meetings with a prescribed prayer.
>
> 21.    Despite Plaintiff's diligent work ethics, Defendant terminated Plaintiff due to her independent religious beliefs, and for not believing in the "true God."
>
> 22.    Defendant intentionally, knowingly, and purposefully violated Title VII by invidiously discriminating against qualified Plaintiff based upon her religion, or more particularly, to follow the religious beliefs of management, resulting in her termination.

Upon reading these allegations, one *might* gather that opening staff meetings with a prayer is a job requirement at the defendant employer, and that Ms. Morrison had a conflict with that requirement.  Ms. Morrison vaguely mentions in Paragraph 20 that she was somehow disciplined for not complying with that requirement.  These allegations are insufficient because the complaint leaves several essential questions unanswered.  What is her sincerely held religious belief?  What type of discipline did she receive for her non-compliance?  Did she inform her employer of the conflict?  Did she give her employer an opportunity to make a reasonable accommodation for her religious belief?  While I am aware that Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and

plain statement of the claim showing that the pleader is entitled to relief," it is still necessary to plead a claim sufficiently in order to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555. As these four paragraphs in the complaint are written, it cannot be said that the defendant has been made aware of the exact claim against it and given a fair opportunity to prepare its defense. Accordingly, I find that the plaintiff has failed to establish a *prima facie* case for employment discrimination based on religion under either theory available in this circuit. I will grant the defendant's motion to dismiss Count II.

### C. Punitive Damages

The defendant finally argues that Ms. Morrison's claim for punitive damages must be stricken because she has alleged no facts to support such an award. Punitive damages against a private employer are available under Title VII "if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or reckless indifference to the federally protected rights of an aggrieved individual." 42 U.S.C. § 1981a(b)(1). In Kolstad v. American Dental Ass'n, the Supreme Court of the United States recognized that, through Section 1981a(b)(1), Congress established a "higher standard that a plaintiff must satisfy to qualify for a punitive award." 527 U.S. 526, 534 (1999). This higher standard requires that "an employer must at least discriminate in the face of a perceived risk that its actions will violate federal law to be liable in punitive damages." Id. at 536. "The terms 'malice' or 'reckless indifference' pertain to the employer's knowledge that it may be acting in

violation of federal law, not its awareness that it is engaging in discrimination." Id. at 535.

From the facts alleged in this complaint, no reasonable inference may be drawn that the defendant acted with malice or reckless indifference to the plaintiff's federally protected rights. Accordingly, I will grant the defendant's motion to dismiss any claim for punitive damages under Title VII.

An appropriate Order follows.